IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE WALLACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-362-GPM |
| | ) |
| DON PARRISH, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate at the Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Before conducting this preliminary review, however, the Court will consider Plaintiff's motion to amend his complaint (Doc. 5).

Rule 15(a) of the Federal Rules of Civil Procedure expressly grants a plaintiff the right to amend his complaint once as a matter of course before a responsive pleading is served. No responsive pleading has been served by the defendants in this case and, therefore, Plaintiff's motion to amend his complaint (Doc. 5) is **GRANTED**. The amended complaint supersedes the original complaint. *See Flannery v. Recording Indus. Assoc. Of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). Therefore, it is the amended complaint which the Court will review for purposes of § 1915A.

Title 28 U.S.C. § 1915A provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE AMENDED COMPLAINT

Plaintiff's amended complaint is for the most part incomprehensible. It consists of 91

separately numbered paragraphs and each paragraph refers to at least one exhibit.[1] These exhibits, however, are not attached to the amended complaint.[2] In so far as the Court can tell, no exhibits were even sent by Plaintiff with the proposed amended complaint.[3] The Court's records indicate that the proposed exhibits (Doc. 6) were not sent until a couple of weeks after the amended complaint was sent to the Court.

The exhibits consist of 160 original documents in a variety of sizes.[4] Some of the exhibits are single-sided, while some are double-sided. Because the exhibits were not attached to the amended complaint, they are located separately in the Court's file and have not been electronically filed due to their cumbersome nature. The last exhibit bears the number "exh. 324," but there are only 160 separate documents. The following exhibit numbers could not be located in either package Plaintiff submitted: 119, 120, 121, 131, 132, 133, 160, 161, 163, 164, 165, 166, 167, and exhibits 170 through 323.

The amended complaint does not set forth "a short and plain statement of the claim showing that … [Plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2) and the allegations are not meaningful Instead, the exhibits (Doc. 6) stand in lieu of meaningful allegations: Each numbered paragraph says little more than "see attached exhibit." For example, in paragraph F1 of the amended complaint, Plaintiff states:

---

[1] For example, paragraph F8 states that "On May 28, 08, I sent defendant Hall a brief request urging him to return an exhibit that I'd previously sent him. See exh. 10."

[2] While Plaintiff provided the Court with service copies of his proposed amended complaint, even the service copies did not include the exhibits.

[3] The exhibits also were not attached to the original complaint (*see* Doc. 1).

[4] These documents consist of letters, grievances, authorization for payment forms, envelopes, and other assorted papers.

> On January 14, 2007, I sent defendant Lambert a memorandum regarding improper handling of my legal mail. Defendant Lambert did not respond. Instead, defendant Hall responded. In his written response, defendant Hall commented that I need to be "more specific." See exh. 1.

Standing by itself, paragraph F1 of the amended complaint leaves the Court (and litigants) guessing as to what Plaintiff is claiming. Is Plaintiff claiming that it is a violation of Plaintiff's rights for Defendant Hall to respond to a memorandum addressed to Defendant Lambert? If so, then Plaintiff's allegation fails to state a claim upon which relief may be granted. Is Plaintiff claiming that Defendant Hall violated his constitutional rights by requesting more specific information concerning Plaintiff's complaint? If so, then, again, Plaintiff has failed to state a claim. The remaining allegation is that Plaintiff filed a memorandum concerning the mishandling of his legal mail. But Plaintiff's allegation in paragraph F1 that his "legal mail" was improperly handled is merely a "conclusory legal statement" which the Court does not have to accept. *See Brooks*, 578 F.3d at 581. To find the grounds supporting Plaintiff's allegation that his legal mail is not being properly handled, the Court and Defendants must turn to Exhibit 1 – which, again, is not actually attached to the amended complaint.[5] As such, the amended complaint violates Rule 8(a)(2).

---

[5]Exhibit 1 appears to be a letter dated January 14, 2008, from Plaintiff to Gregory Lambert and Ruane Tanner. The subject line of this letter is simply "Legal Mail" and states as follows:
> Since December 17, 2008, I have recieved [sic] (16) money-voucher receipts for Legal Mail. And of these (16) Legal Documents, I have recieved [sic] (12) replies. However, of the (12) replies, only (2) were delivered <u>unsealed</u> and accompanied by Legal Mail Receipts. I recieved [sic] the other (10) Legal Documents opened and without Legal Mail Receipts.

Exhibit 1, therefore, contains facts indicating that Plaintiff's *incoming* "legal mail" was opened outside of his presence. While it is a potential violation of Plaintiff's constitutional rights if prison officials open his incoming "legal mail" outside of his presence, *Kaufman v.*

Further examples of Plaintiff substituting the statements made in the exhibits in lieu of a "short and plain statement of the claim showing that … [he] is entitled to relief" can be found in paragraphs F17, F21, and F48 of the amended complaint. In each of these paragraphs, Plaintiff asserts that he tried to send a various letters to different individuals, but the letters were "unlawfully refused processing by unknown persons in the prison mailroom."[6] Again, the Court notes that the phrase "unlawfully refused" is a legal conclusion which it need not accept. *See Brooks*, 578 F.3d at 581  In each instance, Plaintiff then refers to and incorporates a number of exhibits (Exhibits 28, 29, 39, and 88). Again, these exhibits are not attached to the amended complaint. The exhibits are forms signed by Plaintiff authorizing payment of postage for the outgoing letters. In each instance, the request for postage was denied due to insufficient funds.[7] Once more, the Court and Defendants are left to guess what Plaintiff is claiming. Is Plaintiff claiming that he had sufficient funds to cover the postage for the letters, but that prison officials wrongly (and purposefully) found otherwise?[8] Is Plaintiff claiming that despite having insufficient funds in his account to cover the postage for the

---

*McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005), the Court notes that the categorization of mail as "legal mail" is itself a legal conclusion.    While mail marked as coming from an attorney and containing a warning letter is "legal mail" that should not be opened outside of the inmate to whom it is addressed, *id.,* mail from court clerks – even if marked "legal mail" – is not considered "legal mail" for constitutional purposes. *Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987).

[6] The exact language changes from paragraph to paragraph, but the gravamen of the allegations is essentially the same. Namely, Plaintiff attempted to mail a letter to a specified person, but the letter was not actually mailed out of Tamms.

[7] Each exhibit is marked "NSF" which the Court recognizes as the standard shorthand for "insufficient funds."

[8] The Court notes that the inmate account statement attached to Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) indicates that he has had no funds in his inmate account since November 2007 and that Plaintiff has been relying on the State to provide him with postage; this information is *not* set forth in Plaintiff's complaint or the exhibits.

letters, prison officials should have advanced him the postage and mailed the letters anyway because Plaintiff asserts that his "legal mail" must always be sent?

Plaintiff did file a "Memorandum of Law in Support of Plaintiff's 42 U.S.C. §§§ [sic] 1983, 1985(3), and 1986 Civil Rights Complaint." This memorandum provides some insight into the claims he intended to assert in the original complaint. So, with the amended complaint, the exhibits, and the memorandum (and cross-referencing them as necessary), the Court (and Defendants) might be able to grasp some of Plaintiff's claims; but this is another way of saying the amended complaint fails to comply with Rule 8(a)(1).

The Court infers at least three specific claims being asserted by Plaintiff: (1) denial of access to courts; (2) conspiracy to deprive him of equal protection of the law in violation of 42 U.S.C. § 1985(3); and (3) conspiracy to deprive him of his First Amendment rights.

Plaintiff asserts that Defendants have "mishandled" his mail and that such mishandling is a violation of his First Amendment right to access the courts. Plaintiff, however, has no "access to the court" claim unless he can demonstrate that a non-frivolous legal claim has been frustrated or impeded. *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996). Plaintiff does not allege that he suffered actual injury to a non-frivolous legal claim due to the alleged mishandling of his mail. In paragraph F7 and in Exhibits 7, 8, and 9, Plaintiff complains about delays in receiving mail from the Clerk of Court, United States District Court for the Southern District of New York. While Plaintiff states that the delay in receiving the mail "**would have been grounds** for a ruling of Default Judgment" (emphasis added), there is no indication that any such judgment was *actually entered* against Plaintiff. In fact, based on the Court's examination of the U.S. Party/Case Index of the Public Access to Court Electronic Records (PACER) system, it does not appear that Plaintiff ever had a

civil or criminal case pending in the Southern District of New York.

In paragraph F74, Plaintiff pleads he "filed a grievance that defendants Clark and Spaulding deliberately … withheld [sic] court documents, thereby, preventing [him] from objecting to vivid inaccuracies and falsehoods found throughout the record."[9] While it appears that the withholding of a court document may have prevented Plaintiff from filing *something* with some unknown Court, this is not enough to show that the alleged actions of these Defendants actually prejudiced a non-frivolous claim that Plaintiff had pending in a court action.

Title 42 U.S.C. § 1985(3) prohibits a conspiracy to deprive another of equal protection under the law, but the conspiracy must be motivated by racial or other class-based discriminatory animus. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002). There is nothing in the amended complaint, the exhibits, or the memorandum suggesting that Defendants were motivated by racial or other class-based discriminatory animus. Therefore, Plaintiff's § 1985(3) claim should be dismissed.

As to the alleged conspiracy to deprive him of his First Amendment rights, the complaint must allege facts that allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. *Pro se* litigants alleging "a vast, encompassing conspiracy" must meet a "high standard of plausibility." *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009).

Here, the larger part (volume) of Plaintiff's allegations and exhibits concern his outgoing mail. On approximately 47 different occasions, Plaintiff addressed letters to various people outside

---

[9]Paragraph F74 directs the reader to Exhibits 131 through 133. As noted above, however, there are no exhibits bearing those numbers in the documents submitted to the Court.

of prison (e.g., judges, lawyers with the United States Department of Justice, the United States Attorney General, Assistant United States Attorneys, religious leaders, attorneys in private practice, etc.) and had money deducted from his inmate account to cover the cost of postage for these letters. In general, these letters asked for assistance in dealing with various prison matters (e.g., alleged violations of Plaintiff's rights, help with religious instruction, etc.). In some cases, Plaintiff requested the return of materials he had sent earlier to the individual or organization. In a few cases, the letters were merely Plaintiff's personal correspondence to his relatives. Because he has not received responses to these letters, Plaintiff concludes that prison officials have purposely lost or destroyed his outgoing letters thereby depriving him of his First Amendment rights.

It is not "highly plausible" that the reason Plaintiff has not received a response to his letters is because there is a conspiracy to destroy or misplace his outgoing mail. First, it is clear from the amended complaint and the exhibits that Plaintiff has received responses to some of his other outgoing mail. *See, e.g.*, Plaintiff's Exhibits 3, 22, 162, and 169. Because at least some of Plaintiff's outgoing mail is reaching the intended recipient – including this Court – it undercuts any inference of a conspiracy to deprive Plaintiff of his right to communicate with those outside of prison.

Second, there is a simpler, more plausible reason why Plaintiff has not received responses: the recipients have ignored his letters. In paragraph F50 of this complaint, for example, Plaintiff contends that the Honorable William H. Stiehl, United States District Judge for the Southern District of Illinois, did not respond to his letter seeking "advice regarding pro se filings." At the time Plaintiff allegedly sent this letter to Judge Stiehl – in October 2008 – Plaintiff did not have a case pending before this Court. Federal judges are not in the business of giving advice to *pro se* prisoner

plaintiffs on how to conduct litigation. It is the general practice of this Court *not* to respond to such correspondence although an individual judge may respond if he so desires.[10] Given the Court's own general practice, it is more plausible that judges and many of the other persons to whom Plaintiff wrote – such as Eric Holder, United States Attorney General – simply chose not to respond to Plaintiff's letters. Therefore, Plaintiff's amended complaint fails to state a claim that the Defendants conspired to deprive him of his First Amendment rights.

### OTHER PENDING MOTIONS

There also are Plaintiff's motions for appointment of counsel and to be excused from meeting the specific requirements for prisoners registering civil complaints (Doc. 3) and his motion for a temporary restraining order (TRO) and preliminary injunction (Doc. 8). There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the … plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication at all what attempts, if any, Plaintiff has made to obtain counsel. Therefore, Plaintiff's motion for appointment of counsel (Doc. 3) is **DENIED** without prejudice.

---

[10]Exhibit 3 appears to be a letter dated March 5, 2008, from the Honorable David R. Herndon, Chief Judge, United States District Court for the Southern District of Illinois, to Plaintiff. In this letter, Chief Judge Herndon acknowledges receipt of Plaintiff's letter regarding Plaintiff's "desire to file civil complaints." The letter notes that Plaintiff's outgoing mail to Chief Judge Herndon, which was stamped "legal mail," did, in fact, reach Chief Judge Herndon. Based on this fact, Chief Judge Herndon informs Plaintiff that "[c]learly, there isn't a problem in getting legal matters out of Tamms."

Prisoners are not free to ignore either the Federal Rules of Civil Procedure or the Local Rules of this Court. Plaintiff's motion "to be excused from meeting the specific requirements for prisoners registering civil complaints" (Doc. 3) is **DENIED**.

Plaintiff's motion for a TRO and preliminary injunction (Doc. 8) is just a restatement of the mail claims contained in his amended complaint. Since it doesn't comply with Rule 8 of the Federal Rules of Civil Procedure and fails to state a claim upon which relief may be granted the motion for a TRO and for a preliminary injunction (Doc. 8) is **DENIED**.

### SUMMARY

In summary, Plaintiff's motion to amend his complaint (Doc. 5) is **GRANTED**. The Clerk of Court is **DIRECTED** to file the proposed amended complaint accompanying his motion as Plaintiff's first amended complaint.

Because Plaintiff's first amended complaint largely fails to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, it is **DISMISSED** without prejudice to Plaintiff filing another amended complaint within 30 days of the entry of this Memorandum and Order. In his second amended complaint, Plaintiff must: (1) name each defendant against whom he seeks relief and (2) plainly and succinctly state the facts indicating how each defendant personally and directly violated his constitutional rights.

Plaintiff's claims that he was denied access to the courts, that Defendants conspired to deprive him of equal protection in violation of § 1985(e), and that Defendants conspired to deprive him of his First Amendment rights are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A. Plaintiff is advised that the dismissal of these claims will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's motions for appointment of counsel and to

be excused from requirements (Doc. 3) and his motion for a TRO and preliminary injunction (Doc. 8) are **DENIED** .

    **IT IS SO ORDERED.**.

    DATED:  03/16/10

                                           s/ *G. Patrick Murphy*
                                           G. PATRICK MURPHY
                                           United States District Judge