IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE WALLACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-362-GPM |
| | ) |
| DON PARRISH, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Plaintiff's motion for reconsideration (Doc. 13). Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). When, as here, the motion is filed within 28 days of the Order being challenged, whether the motion is analyzed under Rule 59(e) or Rule 60(b) depends upon the substance of the motion, not on the timing or label affixed to it. *See Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006). In this case, Plaintiff contends that this Court should not have issued him a "strike" pursuant to 28 U.S.C. § 1915(g) while also dismissing the complaint without prejudice. As such, Plaintiff contends that the Court erred on a matter of law – a matter within the ambit of Rule 59(e).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may be granted only if a

movant shows that there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

As noted by this Court in its prior Order, Plaintiff's "amended complaint [was] for the most part incomprehensible" (*see* Doc. 11).  Even liberally construed, most of the complaint failed to comply with the "short and plain statement of the claim" requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure.  However, this Court's finding that the complaint was *mostly* incomprehensible does not mean that it was *entirely* incomprehensible.  Liberally construed, this Court was able to discern three specific claims asserted by Plaintiff: (1) denial of access to courts; (2) conspiracy to deprive him of equal protection of law in violation of 42 U.S.C. § 1985(3); and (3) conspiracy to deprive him of his First Amendment rights.  To be sure, Plaintiff attempted to assert more than these three claims, but these three claims were asserted clearly whereas the other claims were not clearly stated.  The Court analyzed the three discernable claims and found them wanting under 28 U.S.C. § 1915A.  Accordingly, the Court was obliged to assess a "strike" against Plaintiff pursuant to 28 U.S.C. § 1915(g).  The Court remains convinced that its assessment of a "strike" for the dismissal of those three claims is correct under § 1915(g).  Accordingly, Plaintiff's motion for reconsideration (Doc. 13) is **DENIED.**

**IT IS SO ORDERED**.

DATED:  04/20/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge